UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MICHAEL JASON PROFITT et al.**                                   **PLAINTIFFS**

**v.**                                           **CIVIL ACTION NO. 3:09CV-787-S**

**JIM CLARK**                                                        **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Michael Jason Profitt filed a *pro se* action in his own name and on behalf of Divine Solution. He filed his complaint on a court-supplied form and names Jim Clark as Defendant. The complaint is difficult to read and is largely illegible. In the section of the form asking for the grounds for filing this action in federal court, Profitt writes, "Shosten Sims [illegible] I don't know why they havent [illegible] yet 911 Call Falmuth, KY [illegible] Sims done crimes for [illegible] at Central State Hospital." As his statement of claim, he contends, "Jim Clark US Marshall had a visit at LMDC Jail with Kirk and Admitted Alcada worker for Central State Hospital . . . [illegible] in Federal Building the next Bomb Statue of Liberty in New York LMDC visit with Mike Profitt." As relief, Profitt asks the Court to "Check LMDC visit and you'll see there doing [illegible] they admitted it in the visit." He also advises, "I want a check I get allowance from my deceased Mother From Thailand [illegible] holds me hostage."

For the following reasons, the complaint must be dismissed.

Profitt cannot represent Divine Solution. It is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney, *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984), and it is insufficient that the person attempting to represent a business entity is an officer or principal stockholder in that entity. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970).

Further, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The allegations in Profitt's complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479.  The instant action must, therefore, be dismissed for lack of subject matter jurisdiction.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: January 5, 2010

**Charles R. Simpson III, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
4411.005